UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENNIS PRATT AND JOANNE PRATT, INDIVIDUALLY AND AS PARENTS AND NEXT FRIENDS OF J.B. PRATT, A MINOR | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-3007-B |
| OFFICE DEPOT, INC. AND RAYNOR MARKETING, LTD. | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants', Office Depot, Inc. and Raynor Marketing, Ltd. (collectively "Defendants"), Joint Motion for Leave to Designate Responsible Third-Parties (Doc. 38) under Texas Civil Practices and Remedies Code § 33.004. Defendants filed their Motion on July 23, 2018. Plaintiffs, Dennis and Joanne Pratt, individually and as parents and next friends of J.B. Pratt, a minor (collectively "Plaintiffs"), failed to file a response to Defendants' Motion and the time for response has passed. Having considered Defendants' Motion, and for the reasons stated below, the Court **GRANTS** the Motion, subject to the limitations discussed below.

### I.

### BACKGROUND

This case arises from an injury sustained by Plaintiff Dennis Pratt when the seat back of his chair suddenly detached. Doc. 1, Compl., 3. The chair was allegedly sold by Defendant Office Depot, Inc., and designed, manufactured, and marketed by Defendant Raynor Marketing, Ltd. *Id.* On

October 31, 2017, Plaintiffs filed their Complaint against Defendants for: (1) negligence; (2) strict liability; (3) breach of implied warranty of merchantability; and (4) breach of implied warranty for particular purpose. *Id.* at 7–15. After Defendants' answers were filed, Defendants filed their Joint Motion for Leave to Designate Responsible Third-Parties (Doc. 38) on July 23, 2018. Plaintiffs failed to respond to this Motion in a timely manner. Therefore, Defendants' Motion is ripe for review.

Defendants seek to designate the Federal Aviation Administration (FAA) as a responsible third party because they allege that the chair was procured and owned by the FAA, who was Plaintiff Dennis Pratt's employer at the time of the incident. Doc. 38, Defs.' Joint Mot. to Designate Responsible Third-Parties ¶¶ 1, 4. Defendants further argue that the FAA's designation as a responsible third party is justified because "[a]s the purchaser and owner of the Chair, the FAA would have been responsible for the assembly, maintenance, upkeep, and any repairs of the Chair." *Id.*

## II.

## ANALYSIS

Under Chapter 33 of the Texas Civil Practices and Remedies Code, a defendant who is sued in tort or under the Texas Deceptive Trade Practices Act (DTPA) may reduce his or her liability by a percentage of responsibility attributed to a responsible third party. Tex. Civ. Prac. & Rem. Code § 33.002(a). The statute defines "responsible third party" as a third party "alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." *Id.* § 33.011(6). Federal courts have found that Chapter 33 is state substantive law that does not conflict with Rule

14 of the Federal Rules of Civil Procedure, the closest federal procedural counterpart, and therefore applies to federal diversity cases under the Erie Doctrine. *Hernandez v. Bumbo (Pty.) Ltd.*, No. 3:12-CV-1213-M, 2014 WL 924238, at *1 (N.D. Tex. Mar. 10, 2014); *Nationwide Lloyds Ins. Co. v. Norcold, Inc.*, Nos. 09–0113 & 09–0114, 2009 WL 3381523, at *2 n. 1 (W.D. Tex. Oct. 19, 2009); *Harris Constr. Co. v. GG–Bridgeland, LP*, No. 07–3468, 2009 WL 2486030, at *1 n. 1 (S.D. Tex. Aug. 10, 2009).

Chapter 33 "applies exclusively to actions based in tort or brought under the DTPA, so a defendant cannot designate a responsible third party with respect to a *contract* claim against him." *Nels Cary, Inc. v. Day*, No. 3:07–CV–0832–D, 2008 WL 631242, at *1 (N.D. Tex. Feb. 29, 2008)(emphasis in original). In other words, Chapter 33 is inapplicable to breach of express or implied warranty claims under the Uniform Commercial Code. *JHC Ventures, L.P. v. Fast Trucking, Inc.*, 94 S.W.3d 762, 773 (Tex. App.—San Antonio 2002, no pet.) ("[W]e refuse to extend [Chapter 33] to UCC breach of warranty claims.").

To designate a person as a responsible third party, a defendant must first file a motion for leave. § 33.004(a). Once a defendant has moved for leave, "[a]court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." § 33.004(f).

Defendants filed their Motion for Leave on July 23, 2018. A copy of the Motion was served on Plaintiffs that same day via the Court's ECF System. Doc. 38, Defs.' Joint Mot. to Designate Responsible Third-Parties, 6 ; *See* L.R. 5.1(d). To date, more than a month following the Defendants' Motion, Plaintiffs have yet to respond or object to the Motion for Leave. Accordingly, the Court must grant Defendants' Motion under § 33.004(f). *See* § 33.004(f); *see, e.g., Constante v. General*

*Motors, LLC*, No. SA–12–CV–757–XR, 2013 WL 1729722, at *1 (W.D. Tex. April 22, 2013)("Since no objections were filed within 15 days of the motion being filed and electronically served on Plaintiff's counsel, the Court must grant the motion pursuant to section 33.004(f).").

However, in light of Chapter 33's limited applicability, the designation of responsible third parties in the present case applies only to Plaintiffs' claims for negligence and strict liability, not for the breach of implied warranty claims. Accordingly, the Court **GRANTS** Defendants' Leave to Designate the FAA as a Responsible Third Party with respect to the negligence and strict liability claims only.

**SO ORDERED.**

**SIGNED: September 4, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE